## CARRIE BATTRES *v.* B. HEISS.

[Abstract Kentucky Law Reporter, Vol. 2—308.]

**Negligence.**

> It is as much the duty of a tenant as it is the landlord to look to the condition of the premises, especially when the appearance of a building indicates decay; and unless knowledge of the dangerous condition of a building is brought home to the landlord no recovery can be had by the tenant for an injury caused by the unsafe building.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

March 10, 1881.

OPINION BY JUDGE PRYOR:

The testimony shows that the premises rented the mother of the appellant was in a dilapidated condition and out of repair when she took possession, and a total absence of proof as to the appellee's knowledge of the dangerous condition of the privy attached to the premises. It was as much the duty of the tenant to look to the condition of the premises as the landlord, particularly when the appearance of the building indicated decay; and unless there was some knowledge of the dangerous condition of the building brought home to the appellee no recovery can be had. The ordinance on the subject, although not complied with, does not authorize the recovery. The fact really appears that the accident originated from hidden

defects that were unknown to all the parties, and that not even a brick wall would have prevented its occurrence. The testimony did not authorize the verdict, even if the views of appellant's counsel as to the law are correct.

Judgment *affirmed*.

*J. L. Clemmons*, for appellant.

*Laf. Joseph, A. Cary*, for appellee.

[Cited, *Franklin v. Tracy*, 117 Ky. 267, 25 Ky. L. 1409, 1909, 77 S. W. 1113, 78 S. W. 1112, 63 L. R. A. 649.]

