CASE 94—ACTION BY THEOPHILUS CONRAD AGAINST W. J. THOMAS AND OTHERS INVOLVING A CONSTRUCTION OF A LEASE.—FEB. 12.

# Thomas and Others v. Conrad.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

LANDLORD AND TENANT—REPAIRS—IMPLIED OBLIGATION—CONSTRUCTION OF LEASE—STATUTORY PROVISION—ACTION FOR RENT—REFORMATION OF CONTRACT—ASSIGNMENT OF LEASE—RIGHTS OF ASSIGNEE.

Held:  1. A lease of a building provided that the lessees should keep the property in the same repair as on the completion of certain improvements, "natural wear and tear excepted," and to surrender them in as good condition as received, "natural wear and tear and natural decay, and injury or destruction" by any cause not their fault, excepted. HELD that, while the lease imposed no obligation on the lessee to repair injuries caused by natural wear and decay, it did not require the landlord to repair the roof, destroyed by natural wear and decay.

2. Kentucky Statutes, section 2297, provides that, unless the contrary be expressed in a lease, an agreement of a tenant to leave the premises in repair shall not bind the tenant to rebuild a building destroyed by casualty, nor shall the tenant be liable for the rent for the remainder of his term for a building destroyed by casualty without his fault. HELD, that no obligation was imposed on a landlord to restore a roof destroyed by wear and tear, and therefore a tenant could not set off against the rent the cost of replacing the roof, which was destroyed by natural decay.

3. There is no obligation, implied at common law, arising out of a contract of rent, that the landlord will pay the expense of a new roof, to replace one destroyed by natural wear and decay.

4. Where, by mistake of the draftsman, a lease failed to contain
   the agreement of the parties that the lessor was to make re-
   pairs, and the lessees, on the refusal of the lessor to replace
   the roof, which had been destroyed by natural wear and de-
   cay, did so themselves, they were entitled, in an action for
   the rent, to ask for a reformation of the contract to express
   such agreement.

5. Where landlord asserts a claim under a lease against the as-
   signees of the lessees, any claim that would have been available
   as a defense by the lessees, is available by the assignees.

HUMPHREY, BURNETT & HUMPHREY, FOR APPELLANTS.

This controversy involves the construction of a contract of
lease executed by Conrad to Thomas and others, and by con-
sent of the lessor assigned by the lessees to the Louisville To-
bacco Warehouse Company, which lease provides that the les-
sees were to "make all repairs on the said property during
the pendency of the lease, and to keep the property in good
and substantial repair during the continuance thereof, as the
same is in when certain improvements (named therein) are
completed by the first party, *natural wear and tear* excepted."
It further provided "that the lessees will take good care of
said premises and suffer no waste to be committed or anything
done to increase the insurance, and at the termination thereof
the lessees will surrender peaceable possession of said premises,
in as good order as when received by them in its completed
condition (the improvements herein stipulated having been
made by the first party as aforesaid) *natural wear and tear
and natural decay* and injury or destruction by fire or other
cause not the fault of the second parties, excepted."

It is alleged in the answer and not denied, that among other
improvements placed on the premises by the landlord was a
roof on the warehouse building. The lease by its terms was to
run ten years from the fall of 1895.

It is alleged and not denied that at the end of five years,
to-wit, in the fall of 1900, said roof on account of natural
wear and tear and natural decay became so worn out and
worthless as to endanger the tobacco and other property stored
therein, that it was incapable of being repaired, and that a
new roof was demanded for the needs of the warehouse, and
that the landlord was notified thereof and requested to place a
new roof thereon, which he refused to do, and thereupon the
lessees were compelled to put on a new roof in order to pro-
tect themselves and their patrons, at a cost of $842, which was
a reasonable price for the work, which sum the lessees, appel-

Thomas and Others v. Conrad.

lants herein, claim to be entitled to deduct from their rent, and tendered and offered to pay the balance due.

The question therefore is, whether or not a fair and reasonable construction of the lease contract, contains an implied covenant on the part of the landlord to repair such parts of the leased premises as might become impaired by natural wear and tear and natural decay.

It is contended by appellee that in the absence of an express covenant on the part of the landlord to make good such impairment of the premises as might be caused by natural wear and tear and natural decay, the law implies no obligation on him whatever, and that the tenant must either make such repairs at his own cost or abandon the premises or endure the damages resulting from the impaired condition of the premises.

We do not believe that this court will put its stamp of approval upon any such proposition.

### AUTHORITIES CITED.

Allen v. Fisher (New Jersey) 49 Atl. Rep., 477; Helburn v. Mofford, 7 Bush, 169.

WILLIAM KRIEGER & BURRELL K. MARSHALL, ATTORNEYS FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. Under the common law the tenant upon his covenant to pay rent is obliged to do so even though the premises are destroyed by inevitable casualty. Redding v. Hall, 1 Bibb, 539; Bohannon v. Lewis, 3 T. B. Mon., 380; Helburn v. Mefford, 7 Bush, 174; Taylor v. Landlord & Tenant, secs. 327, 328, 329 and 343; Am. & Eng. Ency. of Law, vol. 12, pp. 720, 721, 723.

2. The tenant has no authority, express or implied, to place a new roof on a building and charge the same to the landlord. Warner v. Wagner, 75 Ala., 188; Biddle v. Reed, 33 Ind., 529; Wabash, et al. v. Brett, 25 Ind., 409; Womack v. McQuarry, 28 Ind., 475; Smith v. Kinkaid, 1 Ill. Ap., 620; Hess v. Newcomer, 7 Md., 336; Kline v. Jacobs, 68 P. St., 59; Taylor v. Landlord & Tenant, secs. 358, 360, 361, 372 and 380.

3. When the tenant covenants to repair and return the premises at the expiration of the term in substantially as good condition as when received his failure to do so will make him liable on his covenant. Brashear v. Chandler, 6 T. B. Mon., 150; Proctor v. Keith, 12 B. Mon., 254; Moore v. Townsend, N. J. L., 284; Petz v. Voigt Brewing Co., 116 Mich., 418; Kreuger v. Ferrant, 29 Minn., 385; Warner v. Hitchins, 5 Bar. (N. Y.) 667; Munford v. Brown, 6 Cowen (N. Y.) 476; Amer. & Eng. Ency. of Law, vol. 12, pp. 720, 721, 723.

4. Construction of section 2297 of general statutes of Kentucky. Sun Insurance Office v. Varble, 103 Ky., 758; Suydam v. Jackson, 54 N. Y., 454.

### AUTHORITIES BY APPELLEE ON PETITION FOR RE-HEARING.

1. Assignee of lease has no privity of contract with lessor and only holds by privity of estate. Taylor's Landlord and Tenant, 8th ed., vol. 2, secs. 436, 438.

2. Taylor approved by Kentucky Court. Myer Bros, Assignee v. Gaertner, 21 Ky. Law Rep., pp. 53, 54, 56, 57.

3. "Privities in respect of contract are personal privities and extend only to the persons of the lessor and lessee." Rapalje and Lawrence's Law Dictionary, vol. 2, S. S. 4 under Privies.

4. When inconsistent pleas are allowed and how pleaded. Ky. Civil Code, sec. 113; S. S. 4.

5. Assignee can relieve himself of lease on all covenants by assigning over. Muldoon v. Hite, 6 Ky. Law Rep., 663; Trabue v McAdams, 8 Bush, 78; Taylor Landlord and Tenant, vol. 2, sec. 452.

6. To correct for mistake in drawing the contract mistake must be mutual and be between the parties to the contract. Reeder v. Lewis, 7 Ky. Law Rep., 373; Ky. Lumber Co. v. Mercantile F. & M. Ins. Co., 7 Ky. Law Rep., 832, 833; Stockhoff v. Brannin, 14 Ky. Law Rep., 717; Overstreet v. Mouser, 14 Ky. Law Rep., 480; Porter v. Rowe, 12 Ky. Law Rep., 139; Tandy v. Hatcher, 9 Ky. Law Rep., 151; Hill v. Pettit, 23 Ky. Law Rep., 2002.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The appellants, W. J. Thomas *et al.*, leased from the appellee, Conrad, a certain building situated at the corner of Tenth and Main streets, in the city of Louisville, for a period of ten years. The following facts appear: Conrad purchased the property for $40,000, and agreed with lessees to remodel the building in a way particularly specified, at a cost of $15,200; the work to be done under the supervision of the lessees. The lessees were to keep the property insured during the progress of the improvements, and thereafter during the term of the lease. As a rental for the property, the lessees agreed to pay the lessor an-

Thomas and Others v. Conrad.

nually a sum equal to 7 per cent. per annum on the cost
of the property and improvements, which rental was to be
paid quarterly; and, in addition thereto, they were to pay
all city, State and county taxes, all street improvements,
and apportionment warrants assessed against the property
by the city. Pursuant to the contract, the lessees took pos-
session of the property, and for a period of five years they,
or their assignee, discharged all of the obligations imposed
by the lease. At the end of that period the roof, which
had been placed upon the building as a part of the improve-
ments, became so worthless, by natural wear and tear and
natural decay, that it no longer served the purposes of a
roof, and could not be repaired. The only thing that could
be done to enable the parties to occupy the warehouse (the
building was to be used as a tobacco warehouse) for the
storage of tobacco, and the general purposes for which it
was used, was to place a new roof upon it. The lessees
requested the lessor to put it on, but he refused to do so.
Thereupon the lessees did so, and withheld sufficient rent to
reimburse them the expense. This action was instituted to
recover the rent, and the appellants sought to plead the
cost of the roof as an offset against it. The foregoing facts
were averred in the answer, to which the court sustained a
demurrer

The question here for consideration is as to the right of
the lessees to place the new roof upon the building at the
cost of the lessor. It is insisted that, as the lessor did not
agree to repair the building during the period of the lease,
or to restore such parts as might be destroyed by natural
wear and tear and decay, he was under no obligation to
do so, and the lessees could not do so and compel him to
pay the expense.

There are two provisions of the lease bearing upon this question, which read as follows:

"And the second parties further agree and bind themselves, their heirs, executors, and assigns, to make all repairs on the said property during the pendency of the said lease, and to keep the said property in good and substantial repair during the continuance of said lease, as the same is in when the improvements are completed by the said first party, natural wear and tear excepted."

Fourth paragraph:

"At the terminaion of this lease as herein provided, the second parties will surrender peaceable possession of said premises in as good order as when received by them in its completed condition, the improvement herein stipulated for having been made by the first party as aforesaid, natural wear and tear and natural decay, and injury or destruction by fire or other cause not the fault of the second parties, excepted."

At common law the covenant of the tenant to pay rent obligated him to do so, even though the premises were destroyed by inevitable casualty. Redding v. Hall, 1 Bibb, 539; Bohannons v. Lewis, 3 T. B. Mon., 380; Helburn v. Mefford, 7 Bush, 174. If a tenant, without any qualification, agrees to repair, and return the premises at the expiration of the term in substantially as good condition as when received, his violation of his covenant to do so will make him liable. Brashear v. Chandler, 6 T. B. Mon., 150; Proctor v. Keith, 12 B. Mon., 254. In Brashear v. Chandler the tenant agreed that he would deliver the farm to the landlord in "good, tenantable repair, in every respect." The court held that he was compelled to do so, although the premises were not in good repair when received. In Proctor v. Keith the tenant agreed "not to suffer any of

the fencing to rot down, and was to keep it in good re-
pair, natural wear excepted." The fencing was washed
away by a freshet, and the court held that the tenant's
covenant imposed upon him the duty of rebuilding the
fence. At that time section 2297, Kentucky Statutes was
not in force. It reads as follows: "Unless the contrary
be expressly provided for in the writing, no agreement
of a lessee that he will repair, or leave the premises in re-
pair, shall have the effect of binding him to erect similar
buildings, if without his fault or neglect the same may be
destroyed by fire or other casualty; nor shall a tenant,
unless he otherwise contracts, be liable for the rent for the
remainder of his term of any building leased by him, and
destroyed during the term by fire or other casualty with-
out his fault or neglect." Had the above statute been in
force, the court would not have compelled the tenant to
restore the fence. Sun Insurance Office v. Varble, 103 Ky.,
758, 20 R., 556, 46 S. W., 486. In stating the foregoing
conclusion, we have practically agreed with counsel for
appellee and for appellants.

The lessees covenanted to keep the property in good and
substantial repair during the continuance of the lease, as
same was when the improvements were completed, "natural
wear and tear excepted." They agreed to surrender the
premises in as good order as when received by them, "nat-
ural wear and tear and natural decay, and injury or de-
struction by fire or other cause" not their fault, excepted.
These stipulations certainly impose no obligation upon the
lessees to make repairs upon the building rendered neces-
sary by natural wear and tear and natural decay, or injury
or destruction by fire or other cause. Against such liability
there is an express stipulation. The parties contemplated
that it should be occupied for ten years as a tobacco ware-

Thomas and Others v. Conrad.

house, and that the rent should be paid during that period, unless the appellants were exonerated by their contract, or by the section of statutes quoted, or because of the failure of the lessor to keep an obligation imposed upon him by the terms of the contract. If the building had been damaged or destroyed by fire or other cause not the fault of the lessees, and the landlord refused to restore it, certainly the tenants could not be compelled to retain the building or premises and pay the rent. They were both exempted from this liability by reason of the statute and their covenants against it. It will be observed that there is no promise contained in the lease that in the event the property is destroyed by fire or other cause or if it should become untenantable by reason of the natural wear, tear and decay the landlord will repair or rebuild, as the case might be. The lessees entered into the contract without providing against such a contingency. At common law, unless there was an express obligation to that effect, the landlord was not required to make repairs upon property during the term of the lease. He was entitled to collect his rent, even if the property was destroyed by fire or other casualty, although no obligation rested upon him to restore the property. The statute which we have quoted does not impose an obligation upon the landlord to repair or rebuild, but its purpose was to modify the rigor of the common law, and to relieve the tenant from the liability to rebuild under covenant that he would keep the premises in repair, and to relieve him from the payment of rent during the remainder of the term if the leased building was destroyed by fire or other casualty without his fault or neglect. So the common law prevails, except as modified by the statute.

The authorities do not support the claim of counsel for

Thomas and Others v. Conrad.

appellants that there is an implied obligation arising from the contract, upon the landlord, to pay the expense of the roof. They are against such claim. In Proctor v. Keith it appeared that there was no covenant in the lease which required the landlord to make the repairs. The tenant was injured by the lessor's failure to restore a fence which had been washed away by a freshet. He claimed that the landlord had verbally promised to do so. The lease, however, did not contain such a stipulation. The court was called upon to consider the question of the alleged promise, and said: "The agreement did not contain any stipulation upon the part of the lessor to make repairs of any kind, nor does it contain any provision exempting the tenant from the payment of rent in consequence of the deterioration of the premises on account of unavoidable accident. No obligation was imposed upon the lessor either by law or by the terms of the original agreement of the parties, and there was no consideration for his promise, unless the lessee had a right to yield up and abandon the leased premises either because of the loss of the fences, or by the terms of the agreement itself." As the law did not impose the duty upon the lessor to restore the fence, the court looked for a covenant in the lease which would do so, but failed to find it, and hence held that the verbal promise was without consideration. If, under the terms of the lease under consideration, the lessor could be made to put the new roof on the building, he for the same reason could have been compelled to replace the building, had it been destroyed by fire or other casualty. The supposed implied obligation would have been as efficacious in the one case as in the other. If lessees desire to protect themselves against such contingency as has arisen in this case they must see that it is provided for in the contract.

The averments of the answer which tender the issue discussed were demurrable. But in addition to them it is averred that, if the contract can not be construed as imposing an obligation upon the lessor to make repairs, such provision was omitted by mistake of the draftsman, as there was an agreement to the effect that the lessor was to make the repairs in question, and it asked to have the contract reformed. These averments, if true, entitle the lessees to have the contract reformed in accordance with the agreement of the parties.

Judgment is reversed for proceedings consistent with this opinion.

June 3, 1903.

Response to petition by appellee for rehearing:

The assignees of the lessees acquired all rights in the contract of lease which they had, one of which is to have it enforced according to the terms in the same manner as the lessees could have done. The landlord is asserting a claim under the lease against the assignees of the lessees. Certainly, any claim which would have been available as a defense by the lessees is likewise available as a defense by their assignees. The same proceeding in the case that would have been necessary to have enabled the lessees to establish their defense is open to their assignees.

The petition for a rehearing was considered by a judge other than the one who delivered the opinion.