Franklin v. Tracy.

CASE 30—ACTION BY FANNIE FRANKLIN AGAINST MATTIE L. TRACY FOR DAMAGE TO PLAINTIFF'S PROPERTY BY THE COLLAPSE OF A RENTED HOUSE.—JAN. 13.

# Franklin v. Tracy.

117   267
f127   32

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURY TO TENANT'S PROPERTY—LIABILITY OF LANDLORD—NOTICE OF DEFECTS—PLEADING.

Held:  1. A landlord is not liable to a tenant for injury to his property from a collapse of the building owing to inherent defects in the construction of the building at the time it was rented, of which the landlord did not have notice, but which he might have known by the exercise of reasonable diligence, and which the tenant did not know, and could not have discovered by ordinary diligence.

2. Where, in an action by a tenant for injuries to property owing to inherent defects in the construction of the building at the time it was rented, of which the landlord had no notice, the petition averred that plaintiff only rented the lower floor of the house, but did not allege that the landlord retained control of any part thereof, or that the fall of the house was due to defects in other parts of the building than those held by plaintiff under her lease, the petition did not state a cause of action against the landlord.

Franklin v. Tracy.

HENRY J. TILFORD and P. C. BECKLEY, ATTORNEYS FOR AP-
PELLANT.

## POINTS AND AUTHORITIES.

1. A landlord is liable to his tenant for such defects and
dangers as are in existence when the lease is made, and which
he knew of, or could have known of, by the exercise of ordinary
care, and which the tenant did not know of, and could not
have known of, by the exercise of ordinary care.

2. Actual knowledge of the defect on the part of the land-
lord, at the time the lease is made, is not necessary. It is suf-
ficient to render him liable if the defect was such that the land-
lord would have discovered it by the exercise of ordinary care.
Battrs v. Hess, 2 Ky. Law Rep., 308; Wilcox v. Hines, 41
L. R. A., 271; Coke v. Gutkese, 80 Ky., 598; Thompson's Com-
mentaries on Law of Negligence, vol. 1, 1134; Bashe v. Boyce,
73 Md., 469; Timlin v. Standard Oil Co., 126 N. Y., 514; Lind-
sey v. Leighton, 150 Mass, 288; Booth v. Merriam, 155 Mass.,
522; Matthews v. DeGoff, 13 App. Div., 356; Metzger v. Schultz,
16 Ind. App., 454; Thum, &c. v. Rhodes, 12 Col. App., 245;
Carson v. Godley, 26 Pa., 111; Amer & Eng. Ency. of Law, 2d
ed., vol. 18, p. 225; Wilcox v. Hines, 100 Tenn., 545.

HUSTON QUIN, ATTORNEY FOR APPELLEE.

(Note by Reporter.—The original brief of the attorney for ap-
pellee is not in the record and the following is taken from the
attorney's response to appellant's petition for rehearing.)

1. The failure of the court to state that appellant leased the
*lower floor* of the premises described in the petition, can have
absolutely no bearing on the decision in this case.

2. The effort of counsel to show that the house in question was
leased to two or more tenants, can be of no avail, because the
law is opposed to a recovery even in that instance, but grant-
ing that to be true, the petition is plainly defective in that it
does not state the nature of the defects.

## AUTHORITIES CITED.

Am. & Eng. Ency of Law, vol 18, pp. 215, 218; Bowe v.
Hanking, 135 Mass., 380, 386; Doyle v. Union Pac. R. R. Co.,
147 U. S., 143; Cole v. McKey, 66 Wis., 400, (29 N. W., 279);
Kuhn v. Heavenrich Co., 115 Wis., 447, (91 N. W., 994); Lu-
cas v. Coulter, 3 N. E., 622; Ward v. Fagin, 101 Mo., 669,
(14 S. W., 738); Kruger v. Farrant, 29 Minn., 385, (13 N. W.,

Franklin v. Tracy.

158); Jones v. Millsap, 71 Miss., 10, (14 South, 440); Simons v. Several, 54 N. Y. Sup. Ct. Rep., 406.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellant, Fannie Franklin, instituted this action in the Jefferson circuit court "to recover damages for injury to her property caused by the collapse of a house belonging to appellee, which she had rented, and which contained the injured property at the time of the collapse. The petition states that the appellant rented the house—being No. 633 Center street, in Louisville; Ky.—on the 20th day of July, 1900, from the Columbia Finance & Trust Company, which was the agent for that purpose of its owners, Mattie L. Tracy and Susie B. Tracy; that the renting was from month to month, until the contract lease between herself and appellee should be terminated; that she remained in possession of the premises, under lease, until the 24th day of February, 1903, when the house, by reason of its unsafe, dangerous, and defective condition, suddenly and without warning collapsed and fell, breaking and destroying all the property of appellant, and which was reasonably worth the sum of $200; that the house was in the unsafe, dangerous, and defective condition which caused it to fall, at the beginning of the lease, and remained so until the day on which it fell; that this condition of the house was well known to the owners, and each of them, or could have been known to them by the exercise of ordinary care at the time the lease was made, and on the first day of February, 1903, but was not known to appellant, and could not have been known to her by the exercise of ordinary care at the time the lease was made, or on the first day of February, 1903; that, by reason of the collapse of the house in question, she was damaged in the sum of $250. To this petition a general de-

murrer was interposed by the appellee, which was sustained by the court.    Whereupon, appellant declining to plead further, her petition was dismissed, from which judgment this appeal is prayed.

The demurrer admits as true all of the well-pleaded allegations of the petition, and presents for adjudication the question whether or not a landlord is liable for injuries to his tenant caused by the inherent defects in the construction of the tenement at the time of its rental, of which he did not have actual notice, but which, by the exercise of reasonable diligence and care, he could have known, and which the tenant did not know, and could not have discovered by ordinary diligence.

In the case of Battres v. Heiss, 2 Ky. Law Rep., 308, it is said by this court:    "It is as much the duty of the tenant as the landlord to take notice of the dangerous condition of premises, and, unless actual knowledge is brought home to the landlord, no recovery can be had on account of injuries received by reason of defects in the premises, even though an ordinance as to repairs of such places has not been complied with."    The case of Coke v. Gutkese, 80 Ky., 598, 4 R., 545, 44 Am. Rep., 499, was an action for damages resulting to a little child by reason of the defective privy floor, through which she fell into the vault below.    The petition in the case alleged that, at the time the landlord rented the premises to the plaintiff's father, he knew the timbers upholding the floor were defective, rotten, and dangerous, but suppressed his knowledge of its condition from her father, and "neither she nor her father could discover the dangerous condition of the privy floor, by reason of the character of its construction, and that she fell through the floor and was precipitated into the vault below and greatly

damaged, physically and mentally, by the fall." A general demurrer to the petition having been sustained, this court, in reversing the judgment, thus states the rule: "This case is not like the cases cited, where the premises were defective or dangerous, but unknown to the lessor, who is not bound to repair, and in such cases not responsible for injuries to third persons. They lack the ingredients of knowledge, and the culpable neglect in disclosing it, about tenements or premises whose dangerous character could not be known by ordinary care, and whose use necessarily placed the occupants in peril." Taylor, in his work on Landlord and Tenant (6th Ed.) section 381, says: "There is no implied warranty, on the letting of a house or land, that it shall be reasonably fit for habitation or cultivation, or for any other purpose for which it was let. And where a person hired a house and garden for a term of years, to be used for a dwelling house, but subsequently abandoned it as unfit for habitation, in consequence of its being infested with vermin and other nuisances, which he was not aware of when he took the lease, the principle was laid down, after an elaborate review of all the cases where a contrary doctrine seemed to have prevailed, that there is no implied contract, on a demise of real estate, that it shall be fit for the purposes for which it was let. Consequently an abandonment of the premises under these circumstances forms no defense to an action for rent. And in all cases of this kind where a tenant has been allowed to withdraw from the tenancy and refuse the payment of rent, there will be found to have been a fraudulent misrepresentation or concealment as to the state of the premises which were the subject of the letting, or else the premises were proved to be unhabitable by some wrongful act or default of the landlord himself."

Shearman & Redfield, in their work on Negligence (5th

Ed.) section 709, say: "On the owner's entire surrender of control over premises to a lessee, he is, in the absence of any warranty of their condition, or fraudulent concealment of known defects or agreements to repair, on his part, free from liability to the lessee, and to those whom the latter invites upon the premises. for defects which could have been discovered by the lessee, on reasonable inspection, at the time of hiring. In other words, if the lessee had the same opportunities as the owner to discover a defect at the time of leasing, the rule of caveat emptor applies, and he takes the premises as he finds them.     There is therefore no implied warranty on the part of a lessor that the demised premises are safe or reasonably fit for occupation.     Where, however, there is some latent, defect, e. g., an original structural weakness, or decay, or the presence of an infectious disease, or other injurious thing, rendering the occupation of the premises dangerous, which were known to the lessor, and were not known to the lessee, nor discoverable by him on a reasonable inspection, then it was the duty of the lessor to disclose the defect; and, if an injury results therefrom, he is liable as for negligence."     In note three to the section cited, the rule is stated as follows:     "A landlord who lets a house in a dangerous condition is not liable to his tenant's customers or guests for accidents happening during the term, for, fraud apart, there is no law against letting a tumble-down house, and the tenant's remedy is on his contract, if any."

In support of which doctrine, the learned authors have collated a large number of cases.

In 18 American & English Encyclopaedia of Law (2nd Ed.) subject, "Landlord and Tenant," p. 215, it is said: "At the common law, it is a well settled rule that, in the

Franklin v. Tracy.

absence of any agreement between the parties, the landlord was under no obligations to his tenant to keep the demised premises in repair. The rule of caveat emptor applies in regard to leases, and the landlord is not even under an implied obligation to remedy defects in the demised premises existing at the time of the demise. It follows, therefore, that, in the absence of any agreement on the part of the landlord to repair, a tenant can not recover from the landlord the cost of the repairs made by him; nor can the tenant recover from the landlord for injuries to his person or property, or the property or person of his family, caused by the defective condition of the demised premises." In support of which text, the authors of this work have, in a note, collated a vast number of adjudicated cases. One of the most instructive cases to which our attention has been called is that of Doyle v. The Union Pacific Ry. Co., 147 U. S., 413, 13 Sup. Ct., 333, 37 L. Ed., 223, wherein the court, in a learned opinion, discusses the question of the responsibility of a lessor to his tenant for defects or dangers existing in the tenement at the time of the demise, and arrives at a conclusion in harmony with the rule enunciated by the authorities cited.

The cases of Hines v. Wilcox, decided by the Tennessee Supreme Court, and contained in 33 S. W., 914, 34 L. R. A., 824, 832, 54 Am. St. Rep., 823, and Wilcox v. Hines, decided by the same court (46 S. W., 297, 41 L. R. A., 278, 66 Am. St. Rep., 770), as authority for the doctrine contrary to that herein announced, have been pressed with great earnestness upon our attention. With the highest respect for the ability and learning evinced in the utterance of the Supreme court of Tennessee in the cases cited, we can not concur in the conclusion therein reached—that the landlord

is liable to his tenant for damages accruing to him by reason of defects existing in the tenement at the time of the demise, of which the landlord had no actual knowledge, but which he could have known by the exercise of reasonable diligence. In a note to the first of the cited cases, the annotator thus speaks of the rule announced in the opinion of the court: "Hines v. Wilcox is a new departure in the law of landlord and tenant. It places a duty upon the landlord which has not been the rule to place there, and, to a large extent, relieves the tenant from a duty which has always rested upon him. It makes a general rule of an exception which has only been applied in a peculiar class of cases, which does not include so obvious a defect as existed in Hines v. Wilcox. No active care and diligence to discover defects have generally been placed on the landlord.'" And then follows a review of the cases bearing upon this question, which demonstrates that the principle announced by the Tennessee court is out of harmony with the overwhelming weight of authority on the subject.

"Negligence," as used in law, may be defined as the failure to discharge a legal duty, whereby injury occurs. There can be no negligence where there is no duty imposed. The law, as we have seen, imposes no duty of inspection on the landlord, but casts that duty on the tenant, who has equal facility with the owner to examine the premises. In other words, it applies to the contract of leasing the doctrine of caveat emptor. In this particular case the tenant shows in her petition that she had been in the possession of the premises for thirty-one months before the accident, and it is difficult to understand how the landlord, who, at best, could only have seen the premises occasionally, could have discovered a defect which the tenant, who was in it constantly, could not discover in nearly three years.

Vanceburg & .S. L. Turnpike .R. Co. v. Maysville & B. S. .R. R. Co.
Same v. Bruce, &c.

---

The judgment affirmed.

Response to petition for re-hearing.

In the petition for re-hearing our attention is called to the fact that it is averred in her petition that the plaintiff rented the lower floor of the house, but it is not averred in the petition that the owner retained control of any part of the house, or that the fall of the house was due to defects in other parts of the building than those held by the plaintiff under her lease.    The allegations of the petition are therefore insufficient to bring the case within the authorities relied on for appellant.

Petition overruled.