## Richmond v. Standard Elkhorn Coal Company.

(Decided December 2, 1927.)

### Appeal from Floyd Circuit Court.

1.  Damages.—In action against coal company by employee's housekeeper occupying one of row of miners' houses for injury to hand, due to defective pump at well maintained by defendant for occupants of tenant houses, evidence of effect of injury on fingers not amputated held admissible.

2.  Landlord and Tenant.—In absence of statute or contract for purpose, it is not duty of landlord to repair rented premises.

3.  Landlord and Tenant.—Where landlord retains possession of portion of demised premises or appurtenance for common use and benefit of number of tenants occupying under their exclusive control separate premises, landlord has duty to maintain such portion of premises in reasonably safe condition as to tenants using them.

4.  Landlord and Tenant.—Use by occupants of coal company's tenant houses of well sunk and maintained by company for their use make them invitees, so that coal company owes duty to keep well in reasonably safe state of repair; "invitee" being one rightfully using premises for benefit of both himself and owner as distinguished from "licensee," who goes on premises by permission and appropriates use for his exclusive benefit.

5.  Landlord and Tenant.—Petition, alleging that coal company maintained tenant houses for benefit of employees and families and maintained well for their use and benefit, and that plaintiff, occupant of tenant house, was injured by defective pump at such well, held not demurrable.

6.  Landlord and Tenant.—In action by housekeeper of coal company's employee residing in company's tenant house for injury to hand, due to defective pump at well maintained by company for occupants of tenant houses, defendant held not entitled to peremptory instruction on ground that cause of action was not proved.

7.  Landlord and Tenant.—In action by occupant of coal company's tenant house for injury due to defective pump at well maintained by company, whether plaintiff was guilty of contributory negligence in using pump knowing it to be defective held for jury.

8.  Landlord and Tenant.—Tenant is not guilty of contributory negligence in using pump maintained by landlord and known to

be defective unless its dangerous defects are so glaringly apparent that no ordinarily prudent person would undertake to operate it.

C. B. WHEELER for appellant.

B. F. COMBS, A. B. COMBS and A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Anna L. Richmond, was the widowed mother of her adult son, Everett. Richmond. The latter was an employee of the appellee and defendant below, Standard Elkhorn Coal Company, at its mining operations in Floyd county. Plaintiff was the housekeeper for her son, whose wife died about two years prior to the accident here involved. At that time they were occupying one of a row of miners' houses about 600 feet long, and about midway (or 300 feet from each corner house) the company had sunk and maintained a well from which the occupants of its tenant houses, and especially on that row, might obtain water for domestic purposes. On the late afternoon of December 14, 1922, plaintiff went to the well to get a bucket of water to be used in preparing supper. The handle or lever of the pump was about 4 feet long and some few inches from its upper end it worked in a stationary upright rod as a fulcrum. At the extreme upper end it was attached to what is called in the record the "sucker rod," which worked in the well and operated the valves in the ground so as to force the water to the surface. While handling the lever so as to fill her bucket with water it became detached from the sucker rod, and while plaintiff was applying force with both hands to its other end as a lever her fingers with which she was gripping the lever forcibly came in contact with the stationary or fulcrum rod and bruised them severely. The injuries proved to be stubborn and septicaemia later developed, and which produced much pain and entailed considerable cost for medical and hospital bills and eventually resulted in the loss of a portion of the forefinger of the left hand and other impairments of that hand and arm.

She filed this action in the Floyd circuit court against defendant to recover damages therefor, upon the ground that it rented in common to her and its other tenants the right to use the well and pump in connection with the house of their habitations, and that it thereby retained

control of the pump and it was its duty to maintain it in a reasonably safe condition. The demurrer filed to the petition was overruled, and the answer was a denial and a plea of contributory negligence, which latter was denied, and upon trial at the close of plaintiff's testimony the court sustained defendant's motion for a peremptory instruction in its favor, and from the judgment pronounced on the verdict as so directed plaintiff prosecutes this appeal, following the overruling of her motion for a new trial. The two grounds relied on in the motion and argued for a reversal of the judgment are: (1) That the court excluded competent evidence offered by plaintiff; and (2) error in giving the peremptory instruction, each of which will be considered in the order named.

1. The rejected evidence complained of in ground (1) was directed to the extent of plaintiff's injuries, and but for the fact that a new trial will be necessary that ground would not be noticed in this opinion, since it does not relate to the primary one as to whether the evidence tended to support a cause of action in favor of plaintiff, and which will be discussed in consideration of ground (2). The evidence related to the effect of the injury on the fingers of plaintiff's left hand that were not amputated; i. e., whether they were stiffened and thereby impaired. That testimony was made by plaintiff's son, and the court excluded its consideration from the jury, but upon what ground we are not informed. We are unable to discover one and therefore conclude that the court erred in excluding that testimony, but which error alone, as above indicated, would not authorize a reversal of the judgment for the reason above stated.

2. The law seems to be well settled that, in the absence of a statute or contract for the purpose, it is not the duty of the landlord to repair the rented premises. 16 R. C. L. pp. 1030 and 1031, par. 552; 36 C. J. 125, par. 766; Franklin v. Tracy, 117 Ky. 267, 77 S. W. 1113, 78 S. W. 1105, 25 Ky. Law Rep. 1409, 1909, 63 L. R. A. 649; King v. Cassell, 150 Ky. 537, 150 S. W. 682, 42 L. R. A. (N. S.) 774; O'Neil v. Brown, 158 Ky. 118, 164 S. W. 315; Nixon v. Gammon, 191 Ky. 175, 229 S. W. 75; and Montgomery v. Blocher, 194 Ky. 280, 239 S. W. 46. Other Kentucky cases are contained in the notes to the texts of the two publications referred to, and the rule announced is of universal application, and the landlord is under no obligation to repair the leased premises in the absence of a con-

tract or a statute requiring him to do so. The foundation of the rule seems to be that in such leases the exclusive possession is given to the tenant and which excludes the right of the landlord (in the absence of a contract or statute) to go upon the premises to make repairs, since his doing so would be a trespass upon the exclusive right of possession of the tenant.

A great majority of the courts, however, apply a different rule where the landlord retains possession of a portion of the demised premises or appurtenances for the common use and benefit of a number of tenants occupying under their exclusive control separate premises; illustrations of which are common stairways, elevators, hallways, water facilities, or other necessary adjuncts and facilities to the proper enjoyment of specifically demised premises. R. C. L. supra, pp. 1036, 1037, pars. 556, 557. See, also, page 1039, par. 558, in which it is pointed out that the duty to maintain *cisterns,* used in common, in reasonably safe condition devolves upon the landlord as to such tenants of separately leased premises and who used in common the cistern, and the case of Mills' Adm'r v. Cavanaugh, 94 S. W. 651, 29 Ky. Law Rep. 685, supports the text as to the duty of the landlord to repair and maintain a commonly used cistern as within the rule under discussion. See, also, the case of Hess v. Hinkson, 96 S. W. 436, 29 Ky. Law Rep. 762.

The question therefore is, under which of the above two discussed rules, as presented by the record, does this case come, if, indeed, it comes under either of them? It is insisted by counsel for defendant that, at most plaintiff was only a licensee in the use of the well, and not an invitee, the difference between which was clearly pointed out by us in the recent case of Sage's Adm'r v. Creech Coal Co., 194 Ky. 415, 240 S. W. 42, and in which we defined an invitee as one who was rightfully on or using the premises for the benefit of both himself and that of the owner, and in which case it was the duty of the latter to maintain the premises or appliances that the invitee was requested to use under his invitation in a reasonably safe condition for use; and we therein defined a licensee as one who went upon the premises by the permission of the owner and appropriated the use of the premises or article for his *exclusive* benefit, and from which the owner derived none whatever. Clearly, under those definitions, the use by the tenant of premises or appurtenances in

common with other tenants makes them invitees, and the owner owes the duty of maintenance toward them as to such common use so as to keep the premises or appurtenances so used in a reasonably safe state of repair. But it is insisted by counsel for defendant that the plaintiff was only a licensee with reference to the use of the well and its pump under the definitions supra, and that defendant owed her no duty to maintain them in a reasonably safe condition, but we are unable to agree with that contention, since the record discloses that the use of the well was an appurtenance to the occupied house by plaintiff, and which appurtenance was for the mutual benefit of both the landlord and tenant.

The petition alleged, in substance, that the mining tenant houses were maintained by the defendant for the benefit of its employees and the members of their families, and that for their use and benefit and for "the accommodation and use of the occupants of said houses" it drilled, equipped, and maintained the well and which was in existence and so used long before plaintiff's son rented the particular apartment occupied by him and her as a member of his family. The court therefore did not err in overruling the demurrer filed to the petition.

The proof without contradiction sustained the allegations of the petition in those respects. It furthermore showed that the officers, agents, and superintendent of defendant knew that the pump to the well was out of repair, and they had not only promised to repair it or install a new one, but had defectively repaired it on a number of occasions just preceding plaintiff's accident. The giving of the peremptory instruction therefore cannot be sustained upon the ground that a cause of action was not alleged, or, if so, was not proved by plaintiff.

But, it is insisted that this case comes within the doctrine announced in the cases of Thomas v. Conrad, 114 Ky. 841, 71 S. W. 903, 74 S. W. 1084, 24 Ky. Law Rep. 1630, Franklin v. Tracy, supra, and Holzhauer v. Sheeny, 127 Ky. 28, 104 S. W. 1034, 31 Ky. Law Rep. 1238. In those cases the question of the safe condition of the premises, demised exclusively to the tenant, and the liability of the landlord for their unsafe condition was involved, and it was held in harmony with the universal rule on the subject that the landlord is not liable for such unsafe condition of the premises, unless the defects were hidden *and* were known to exist by the landlord or could have been so

known by him by the exercise of ordinary care, *and* that the tenant did not know of them. That rule has no application whatever to cases where one tenant in common with another uses a portion of the premises or something appurtenant thereto, since, as we have seen, in that case it is the duty of the landlord to maintain such commonly used portions or appurtenances.

Lastly, it is insisted that plaintiff was guilty of such contributory negligence as precludes her right to recover. The evidence shows that the hole in the upper end of the handle or lever of the pump, and by which it was attached to the sucker rod, had become greatly worn, and that the bolt by which it was fastened to that rod was entirely too small, and that frequently it was without a tap on it. It was furthermore proved without contradiction that the pumping apparatus down in the ground was very much out of repair, and it was necessary to apply considerable force to the lever in order to lift the water from the well, and it was while plaintiff was applying such force with both hands that the lever became detached from the sucker rod and she was injured in the manner stated. Of course, the doctrine of contributory negligence would apply in such case as it does in all others wherein the defense is available, but the question is, what constitutes contributory negligence in such a case? since that defense is more or less relative in its application. A most exhaustive annotation is found in 25 A. L. R. on page 1273, upon the subject of the "Liability of landlord for personal injuries due to defective halls, stairways, and the like, for use of different tenants," and in which the modern law in this country on the subject up to the date of that annotation is clearly stated and distinctly pointed out, and which includes the defense of contributory negligence of plaintiff in the use of defective premises, and which part of the annotation begins on page 1328 of that volume.

The first case referred to in that subdivision of the annotation is Home Realty Co. v. Carius, 189 Ky. 228, 224 S. W. 751, and which case is also authority supporting the rules and doctrines hereinbefore discussed; but on the point under discussion, and which was likewise urged in that case, in stating the correct rule we said:

"It is urged that plaintiff's equal knowledge with defendant of the condition of the steps bars her right to recover herein. We cannot agree with this

contention.   These steps constituted practically the only means of access to the two apartments and were used by both tenants, facts necessarily known to the landlord.   Because of their inaccessibility and condition the other entrances were seldom used.   Mere continued use of a common passageway, after knowledge of its dangerous condition, is not of itself conclusive evidence of a lack of due care on the part of the tenant, since such knowledge does not require the tenant to desist from using same in a careful manner, nor render the careful use of same contributory negligence.   Looney v. McLean, 129 Mass. 33, 37 Am. Rep. 295.''

It is our conclusion that this case comes strictly within the doctrine contained in the excerpt from that opinion.

In a general way plaintiff knew that the pump she attempted to use was not in perfect condition.   There was no pretense that she was a skilled mechanic and was thereby enabled to detect and observe the mechanical conditions necessary for a well-equipped pump, or that any knowledge on her part of such matters enabled her to discover defects therein.   But, however that may be, it was not conclusively shown that plaintiff's use of the defective pump was either reckless or careless.   On the contrary, it appears from her testimony that she used it in its defective condition with all the care that an ordinarily prudent person would have exercised.   At any rate, that was a question for determination by the jury, and the court was unauthorized to give the peremptory instruction upon the ground that plaintiff was guilty of contributory negligence in using the pump in the condition it was, which would be authorized only upon the theory that its dangerous defects were so glaringly apparent that no ordinarily prudent person would undertake to operate it.

As applied to the conditions in the Carius case, so it may be said in this one that the well constituted the only source from which water for domestic purposes could be obtained by the tenants occupying the various mining houses within the row of them, including the one occupied by plaintiff; and, furthermore, in analogy to the correct rule as laid down in that case, plaintiff's knowledge of the defective condition of the pump ''does not require the tenant (her) to desist from using same in a careful manner, nor render the careful use of same contributory neg-

ligence,'' unless plaintiff knew that it was so defective and dangerous as that an ordinarily prudent person would not attempt to use it.

For the errors indicated the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.