**Bernard J. HORSTMAN, Appellant,**

v.

**Lorene NEWMAN, Appellee.**

Court of Appeals of Kentucky.

June 22, 1956.

F. L. Pearl, Louisville, for appellant.

I. R. Gumer, Louisville, for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment of the Jefferson Circuit Court, Common Pleas Branch, Fifth Division, Hon. Lawrence S. Grauman, Judge.

This action was brought by appellee, Lorene Newman to recover from appellant, Bernard J. Horstman, $250 for two months' rent on an oral lease in which the term was by the month. Appellant vacated the premises owing one month's rent of $125 and as he failed to give the thirty day written notice required by KRS 383.140 that he would terminate the lease, the landlord charged him another month's rent. The tenant pleaded the landlord failed to repair the furnace, and counter-claimed for $700 damages by reason of the landlord's alleged invasion of his right of privacy by coming to the house on Sunday morning and demanding the rent. At the conclusion of all the evidence the trial judge in an exhaustive and learned opinion directed a verdict for the appellee landlord for $250 for two months' rent.

We have examined the pleadings and proof and read the authorities cited by the trial judge and have reached the conclusion that he correctly held under Goodwin v. Beutel, Ky., 256 S.W.2d 532, the tenant must give the statutory notice of his intention to vacate. Also, he is correct in holding under Richmond v. Standard

Elkhorn Coal Co., 222 Ky. 150, 300 S.W. 359, 58 A.L.R. 1423, there is no obligation upon the landlord to repair the premises in absence of a special agreement to do so when the contract is made. Furthermore, we agree with the trial judge there was no invasion of the tenant's right of privacy by the landlord coming on the premises on Sunday morning and demanding the rent then due. Like the trial judge, we find no contrariety in the evidence on any point which would require a submission of the case to the jury.

The motion for appeal is overruled and the judgment is affirmed.