Points Decided.

(March 11, 1922.)

ADA A. BRAUNER, Appellant, v. E. B. SNELL and GEO. H. EVERETT, Respondents.

[205 Pac. 558.]

LANDLORD AND TENANT—COVENANTS TO REPAIR—NOT IMPLIED—WHERE TENANT HAS FULL POSSESSION AND CONTROL OF LEASED PREMISES AND APPURTENANCES—PERSONAL INJURY—LIABILITY OF LANDLORD FOR—NONSUIT—EVIDENCE.

1.  There are no implied covenants on the part of the landlord to repair or keep in repair leased premises and appurtenances over which the tenant has full possession and control, and the landlord is not bound so to do unless he has expressly covenanted to that effect in the lease, and is not liable for injury arising from a failure on his part to· repair such premises.

2.  A motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it.

3.  *Held*, that the evidence does not tend to show that respondents retained possession and control, for themselves or other tenants, over a basement adjacent and appurtenant to the leased premises, or that they had notice of the unsafe condition of the stairway leading into said basement and failed to inform appellant thereof, or that they made fraudulent representations to appellant as to the condition of the premises in order to induce her to take the lease.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.    Hon. Ed. L. Bryan, Judge.

Action for personal injuries.    Judgment of nonsuit. *Affirmed.*

Publisher's Note.

1.  Liability of landlord for injury to tenants from defects in premises, see notes in 66 Am. St. 785; 34 L. R. A. 824; 34 L. R. A., N. S., 798; 48 L. R. A., N. S., 917; L. R. A. 1916D, 1224; L. R. A, 1918E, 218.

Alfred F. Stone and Thompson & Bicknell, for Appellant.

The evidence shows notice to defendants of the dangerous condition of the stairway in question when they leased the adjoining rooms to the plaintiff, and this was a question for the jury. (*Andonique v. Carmen,* 151 Ky. 249, 151 S. W. 921; *Burtis v. Davison,* 199 Mich. 14, 165 N. W. 670; *Hinthorn v. Benfer,* 90 Kan. 731, 136 Pac. 247, L. R. A. 1915B, 98; *Dollard v. Roberts,* 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238; *Robertson Lumber Co. v. Anderson,* 96 Minn. 527, 105 N. W. 972; *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A., N. S., 917.)

Richards & Haga, for Respondents.

There are no implied covenants to repair in a lease. (*Russell v. Little,* 22 Ida. 429, Ann. Cas. 1914B, 415, 126 Pac. 529, 42 L. R. A., N. S., 363; *Kuhn v. Sol. Heavenrich Co.,* 115 Wis. 447, 91 N. W. 994, 60 L. R. A. 585; *Doyle v. Union Pac. R. Co.,* 147 U. S. 413, 13 Sup. Ct. 333, 37 L. ed. 223; *Krueger v. Ferrant,* 29 Minn. 385, 43 Am. Rep. 223, 13 N. W. 158; *Jones v. Millsaps,* 71 Miss. 10, 14 So. 440, 23 L. R. A. 155; *Enterprise Seed Co. v. Moore,* 51 Okl. 477, 151 Pac. 867; *Moore v. Weber,* 71 Pa. St. 429, 10 Am. Rep. 708; *Cole v. McKey,* 66 Wis. 500, 57 Am. Rep. 293, 29 N. W. 279; *Sheets v. Selden,* 74 U. S. 416, 19 L. ed. 166.)

The evidence fails to show that respondents knew of the alleged defect causing the injury at the time of the lease and there was no evidence of actual negligence on the part of respondents; hence, they are not liable for the alleged injury. (*Russell v. Little, supra; Salen-Bedford Stone Co. v. O'Brien,* 12 Ind. App. 217, 40 N. E. 430; *Fielders v. North Jersey etc. R. Co.,* 68 N. J. L. 343, 96 Am. St. 552, 53 Atl. 404, 54 Atl. 822, 59 L. R. A. 455.)

There is no evidence of warranty, deceit or fraud on the part of respondents; hence, they are not liable for the alleged injury. (*Clark v. Sharpe,* 76 N. H. 446, 83 Atl. 1090, 41 L. R. A., N. S., 47, 48; *Walsh v. Schmidt,* 206 Mass. 405, 92 N. E. 496, 34 L. R. A., N. S., 798, and note; *Howard*

*v. Washington Water Power Co.,* 75 Wash. 255, 134 Pac. 927, 52 L. R. A., N. S., 578; *Bailey v. Kelly,* 93 Kan. 723, 145 Pac. 556, L. R. A. 1916D, 1220; *Anderson v. Robinson,* 182 Ala. 615, Ann. Cas. 1915D, 829, 62 So. 512, 47 L. R. A., N. S., 330–332; *Hart v. Coleman,* 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213.)

BUDGE, J.—This action was brought by appellant to recover damages for personal injuries alleged to have been caused by the negligence of respondents.

On April 18, 1916, appellant entered into a written lease with respondents in which she leased for a definite term the second story of a brick building, with the appurtenances. In a basement adjoining the brick building a heating plant had been installed for the purpose of heating the building, the furnace being used at the time the lease was entered into for heating practically all of the second floor of said building. The first floor was not heated by this heating plant at the time of the lease. The only entrance provided for that led into the basement was a hatchway about three feet square from which descended a stairway to the concrete floor of the basement. On June 20, 1916, appellant stepped upon the lower step of the stairway, which gave way, causing her to fall and sprain, wrench and dislocate her ankle, which is the injury for which she seeks to recover in this action.

The cause was tried to the court and jury. At the close of appellant's testimony, respondents moved for a judgment of nonsuit, which was granted, and judgment entered thereon in favor of respondents, from which judgment this appeal is prosecuted.

Appellant makes numerous assignments of error. There are, however, but two points urged upon this appeal, that in our opinion require consideration.

It is contended by appellant that she did not have full possession and control over the basement; that respondents, therefore, were impliedly bound to exercise ordinary care in maintaining the steps leading into the basement in a rea-

sonably safe condition, and that this they failed and neglected to do.

The rule is settled in this state that there are no implied covenants on the part of the landlord to repair the premises or to keep them in repair, and that the landlord is not bound to repair unless he has expressly covenanted so to do by his lease, and is not liable for injury arising from a failure on his part to repair. (*Russell v. Little,* 22 Ida. 429, Ann. Cas. 1914B, 415, 126 Pac. 529, 42 L. R. A., N. S., 363.) This rule applies, as we understand it, to premises over which the tenant has full possession and control. The burden, therefore, rested upon appellant to show that respondents retained possession and control, for themselves or other tenants, over the basement and the steps leading into it. There is no competent evidence in the record that shows or that tends to show that appellant did not have the exclusive right to the use of the basement and the steps, and exclusive control of the same. On the contrary, we think it affirmatively appears that respondents relinquished all control over the leased premises, together with the basement, which was appurtenant thereto, and the stairway leading into the same, and that the leased premises were not used by other tenants in common, nor did anyone other than appellant in fact use the same during her tenancy. Therefore, respondents were under no obligation to keep the stairway in repair, and owed to appellant no legal duty in this regard upon which she could recover for any injury sustained by her.

It is further contended that respondents had notice of the unsafe condition of the stairway at the time the lease was entered into; that the same was a hidden defect which was unknown to appellant, but that they failed and neglected to inform appellant that the stairway was unsafe. There is no evidence in the record to support this contention, nor that respondents made fraudulent representations to appellant as to the condition of the premises, in order to induce her to take the lease.

While a motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and appellant is entitled to the benefit of all inferences in her favor which the jury would have been justified in drawing from the evidence had the case been submitted to it (*McKenna v. Grunbaum,* 33 Ida. 46, 190 Pac. 919), nevertheless, after a careful examination of the record, we have reached the conclusion that appellant failed to support the allegations of her complaint, and the court did not err, therefore, in granting the motion for nonsuit.

The judgment is affirmed and it is so ordered. Costs are awarded to respondents.

Rice, C. J., and McCarthy and Dunn, JJ., concur.