232 P.2d 971

### DUTHIE v. HAAS.

No. 7653.

Supreme Court of Idaho.

June 19, 1951.

Rehearing Denied July 9, 1951.

Cox, Ware & Stellmon, Lewiston, for respondent.

PORTER, Justice.

In the fall of 1944, appellant purchased a building in the City of Lewiston, from a Mr. Peters. At some time prior thereto, the building had been occupied by the Mutual Creamery. The creamery company operated, in connection with its creamery business, an ice plant in the rear or north end of the building. In 1941, the creamery company sold the ice plant and machinery to respondent. Later the creamery company vacated the premises. Respondent continued to operate the ice plant and was in the building as a tenant at the time the same was purchased by appellant. Respondent continued to occupy the building as a tenant of appellant, paying a rental of $100 per month. The record does not disclose that there·was any written lease between respondent and the predecessor in interest of appellant or between respondent and appellant.

At the end of the month of November, 1946, respondent discontinued his ice busi-

Cramer & Smith, Lewiston, for appellant.

ness but permitted his machinery to remain in the premises until in September, 1947, at which time he notified appellant in writing that he had vacated the premises. Respondent did not pay any rent after the month of November, 1946.

Thereafter, appellant filed this action. By his amended complaint, he set out two alleged causes of action. By his first cause of action, he sought to recover for unpaid rent; and by his second cause of action, he sought to recover damages for the cost of removing certain property from the premises which he alleged belonged to respondent, and which respondent had failed to move. Respondent filed answer and cross-complaint. By his answer, respondent denied that he was the owner of the machinery and property left in the building; and affirmatively alleged that appellant permitted the roof over said ice plant to become in such ill repair that it leaked to such an extent that respondent was compelled, at the end of the month of November, 1946, to shut down his ice plant and discontinue his ice business. By his cross complaint, respondent set out two alleged causes of action. By the first cause of action, he asked for damages occasioned to his machinery by the leaky roof; and by his second cause of action, he asked for damages for loss of profits resulting from his being compelled to abandon his ice business.

Upon the issues so formed, a trial was had. The jury returned a verdict in favor of respondent upon his second cause of action in the sum of $250. Judgment was entered accordingly. From such judgment, appellant has appealed to this court.

By his first assignment of error, appellant alleges that there was no competent evidence to show respondent lost any profits and that the only testimony as to loss of profits was based on an estimate and a guess by respondent and was insufficient as a matter of law to support the verdict. Under this assignment of error, appellant does not urge that loss of anticipated profits could not be recovered in this action if properly shown, but contends that the evidence is too indefinite, uncertain and speculative to form a basis for assessment of damages for loss of profits. Respondent testified that in addition to his other ice business, he had a contract with the railroad company for icing cars. He then testified, without objection by appellant, as follows:

"Q. About how much profit did you make out of that railroad icing business? A. What do you mean, per month?

"Q. Yes. A. I made about $200 a month the year around.

"Q. You would make a net profit of about $200 a month out of the railroad icing business. A. That's right."

He was cross-examined at length as to the amount of ice sold to the railroad company and as to his items of expense. During his cross-examination, he also testified as follows:

"Q. Well, how did you arrive at this $200 a month? A. I arrived at the $200 a month, and I made it very lenient, from how much I had taken in and what my profit was with the railroad company in icing cars, furnishing them ice.

"Q. I mean how did you arrive at—Did you consult your books? A. I didn't get no accurate figures on it, no. I couldn't get right down to those figures.

"Q. That's just a guess of what you may have made. A. What's that?

"Q. That's just a guess. A. Yes, and I say, it's a light guess.

\* \* \* \* \* \*

"Q. You have a claim in here that you lost $2,000 by loss of the railroad contract. A. That's right.

"Q. Now, I'm asking you what you base that on; how you arrive at that figure. A. On the business I did with them. I knew approximately what I was clearing from the railroad right along."

Appellant cites and relies upon Harrington v. Hadden, 69 Idaho 22, 202 P.2d 236. In such case the respondent was permitted to testify, over objection, as to his estimate of the gross and net earnings of his dry cleaning business in past months. The court held that such evidence was too indefinite, uncertain and speculative to permit a recovery for loss of anticipated profits, and held, in effect, that the objection to such testimony should have been sustained. However, we cannot say in the instant case that the evidence of respondent as to past profits, admitted without objection and fortified by the cross-examination thereon, is insufficient to sustain the jury's finding of damages for loss of anticipated profits in the sum of $250. De Winer v. Nelson, 54 Idaho 560, 33 P.2d 356.

Appellant contends that the trial court erred in giving Instruction Nos. 5, 6, 7 and 8. These instructions refer to the duty of a landlord to repair leased premises and his liability in the event he fails so to do. Appellant concedes that these instructions correctly state the law, but argues that they are not applicable for the reason that there is no showing that there was any duty upon appellant to repair the roof of the building in question. It is true that there are no implied covenants on the part of a landlord to repair the premises or to keep them in repair unless he has expressly covenanted so to do, and he is not liable for injury for failure to repair absent such covenant. Russell v. Little, 22 Idaho 429, 126 P. 529, 42 L.R.A., N.S., 363; Brauner v. Snell, 35 Idaho 243, 205 P. 558. However, the lease in issue was an oral lease and the question as to whether the landlord had agreed to keep the premises in repair, was a question of fact for the jury. McShane v. Quillin, 47 Idaho 542, 277 P. 554. The testimony discloses that in conversations with respondent and others, appellant had recognized that he had a duty to keep the roof in repair and that he refused to do so because he claimed first, that the roof was in good shape and, second, that he would not

repair it for the alleged reason that respondent's workmen walked on the roof while loading ice into cars. Under this evidence it was not error for the court to give the challenged instructions.

■ Appellant contends that the court erred in giving Instruction No. 10 in that it conflicts with Instruction No. 4, and has no relation to the evidence in this case and only tended to confuse the issues in the minds of the jurors. Instruction No. 4 was as follows: "You are instructed that trade fixtures are machines or equipment which are adapted to use in business and are necessary to carry on said business, which are not attached to the building in such a manner as to indicate they are intended to be a part of the building and which, though heavy may be moved without injury to the building and are equally adapted to use elsewhere."

The challenged Instruction No. 10 was as follows: "You are instructed that 'trade fixtures' are fixtures placed on premises by the tenant for the purpose of carrying on his trade on the premises. Fixtures placed or erected on the premises by the owner of the premises himself for the purpose of suiting said premises for a special business, factory or plant, and which upon being placed or erected therein become an integral part of the premises or factory or plant, are not trade fixtures, but become and are a part of the premises and are owned by the landlord, and especially so, if they cannot be removed without injury to the premises."

A comparison of the two instructions does not show any conflict. Instruction No. 4 covers appellant's theory as to the character of the machinery and equipment left in the building by respondent. Instruction No. 10 covers the theory of respondent as to the nature of such material and equipment. Both instructions were justified by the evidence.

It appearing that appellant's assignments of error are without merit, the judgment is affirmed. Costs awarded to respondent.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.