WILL G. WORTH, APPELLANT, V. HARRY B. WARE ET AL., APPELLEES.

FILED DECEMBER 14, 1911.   No. 17,108.

1. **Landlord and Tenant:** RIGHTS OF SUBTENANT. Ordinarily, a subtenant has no greater rights in the leased premises than the original tenant.

2. ————: ————: ACTION FOR DAMAGES. A sublessee may not recover damages from his lessor for interference by a third person with his possession and business, when he has not been ousted and no wrongful act of his lessor has been proved.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Burr, Greene & Greene,* for appellant.

*Field, Ricketts & Ricketts, Stewart, Williams & Brown, W. C. Frampton* and *Robert A. Moore,* contra.

LETTON, J.    ·

Kellogg and Bratt, who are the owners of a three-story building in the city of Lincoln, executed a lease on the same from May 1, 1907, to April 30, 1912, to Cole-Mc-Kenna Company. This controversy is over the possession of a part of the ground floor room. In 1908 Cole-Mc-Kenna Company verbally sublet a back room on the premises to C. A. Green, to be used for a barber shop, at a rental of $15 a month. On May 12, 1909, Cole-Mc-Kenna Company subleased to R. A. Moore a part of the front room from June 1, 1909, to the expiration of the Cole-McKenna Company lease, and on May 28, 1909, Moore sublet to Green a portion of this space, extending along one side and to the front of the room, at a rental of $75 a month. This lease was immediately assigned by Green to Worth, the plaintiff in this case. In March, 1909, Green had sold his fixtures, good-will and right to the possession of the back room, which he then occupied, to Worth for $1,750. Afterwards the defendant Ware, with the consent of Kellogg and Bratt, and at an increased rent, procured an assignment from the Cole-Mc-Kenna Company of their lease, and took possession under the same; Worth at that time being in possession of the part of the front room which Green had subleased from Moore. A controversy arose between Ware and Worth with reference to the rights of the latter in the premises,

and Ware interfered with Worth's possession and use of the property to the detriment of his business. Worth then filed a petition in equity setting forth the facts of the lease and subleases, the consent of Kellogg and Bratt thereto, his rights in the premises, the interference with his possession and damage to his business by Ware, that a multiplicity of actions would be necessary to determine the several rights of the parties, and the inadequacy of a remedy at law, and prayed that the rights of the parties be determined, his possession protected, and his damages ascertained and adjudged.

The pleadings are too extensive and involved to be set forth in this opinion, the petition alone covering 19 typewritten pages. The district court made detailed and lengthy findings in conformity with the facts herein recited; finding, also, that Ware is in default to Cole-McKenna Company for payments due them under the lease, and that Cole-McKenna Company have a right to take possession of the premises leased to him; that Cole-McKenna Company are in default to Kellogg and Bratt, and that Worth owes two months' rent to Cole-McKenna Company; that plaintiff is entitled to recover $150 against Ware for damages, against which $75 due Ware for rent is offset, leaving $53, for which he is awarded judgment against Ware, but finding, also, he is not entitled to any damages against the other defendants. It is adjudged that, if Cole-McKenna Company fail to comply with the terms of their lease with Kellogg and Bratt, Worth may do so and be subrogated to their rights thereunder. The decree was afterwards modified on plaintiff's motion so as to provide that the rights and liabilities between the plaintiff and defendants Moore and Green on account of any subsequent ouster be reserved for future action, and Ware was perpetually enjoined from further prosecuting an action then pending against the plaintiff for forcible entry and detention. It appears that after the decree plaintiff was ousted on account of default in the payment of the rent due Kellogg and Bratt.

A single point only is presented by the appeal, which is that the court erred in not entering judgment for the plaintiff for his actual damages. The first point argued in the appellant's brief is that the action was of such a nature that a court of equity should take full cognizance of it, and having assumed jurisdiction should retain it and grant complete relief, and, further, that, this being so, it is proper and right that damages be awarded to the full extent shown by the evidence. These propositions are elementary and it is unnecessary to spend time in discussing them. The plaintiff's principal complaint seems to be that the amount of damages awarded is insufficient under the evidence, and that those awarded were only against defendant Ware, while he is entitled to damages against all the other defendants as well.

So far as Kellogg and Bratt are concerned, the court made no mistake in failing to award damages against them. It is clear that Worth was a subtenant of the Cole-McKenna Company through Moore. He paid his rent to them, and after they assigned their lease to the defendant Ware he paid his rent to Ware. Worth was bound to take notice of the existence of the terms and conditions of the lease to Cole-McKenna Company, and his tenure was subject to all the terms and conditions that the original lease imposed upon the lessee. *Blachford v. Frenzer*, 44 Neb. 829. When the rights of Cole-McKenna Company under the lease terminated by a failure to perform the conditions thereof, his rights also terminated. There is no evidence to show that Worth ever acquired any rights to the possession of the premises from Kellogg and Bratt independent of the lease to Cole-McKenna Company, and there is nothing in the fact of his posession or his subtenancy which prevented Kellogg and Bratt from enforcing the terms of the original lease, even though it operated to oust Worth from his subtenancy.

As to the defendant Green: At the time that Green sold the fixtures, good-will and business to Worth he was occupying the back room only. The lease for part of the

front room was not executed for some time afterwards, although it was no doubt understood between Green and Worth that the lease should be procured. Green never took possession under the lease from Moore, but merely assigned it to Worth. At the time this action was begun Worth was in possession. He was still in possession at the time of trial and decree. On what basis then is he entitled to recover damages against Green? · He had not been evicted. He was fully aware that Moore was a sub-tenant, and what has been said before with respect to his relations to Kellogg and Bratt under the Cole-McKenna Company lease applies equally to his relations with Green and Moore. Plaintiff has not pointed out in what respect the assessment of damages against Ware is erroneous. The damages to his business caused by the annoying acts of Ware are difficult of ascertainment, and, in the absence of anything to show wherein the judgment was wrong in this respect, we are inclined to the view that the $150 allowed by the district court is a fair estimate. We have no doubt that the plaintiff has lost a great deal more than the damages awarded to him, but are inclined to think that this has resulted largely from the fact of his paying a good round sum for a business, location, fixtures, and good-will, the stability and permanency of which depended upon the insecure foundation of a sub-lease from a tenant whose financial standing was uncertain and who was not able to comply with the terms of the lease. A court of equity cannot remedy lack of caution and prudence in business transactions, and, while we regret the unfortunate plight of the plaintiff, we are unable to offer him further relief than that granted by the district court.

The judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.