### APPLEBAUM et al. v. KIDWELL.

(Court of Appeals of District of Columbia. Submitted March 3, 1926. Decided May 3, 1926.)

No. 4358.

1. **Landlord and tenant ⟨⟩ 166(2)—Landlord held not liable for theft from tenants, accomplished by persons entering from adjoining vacant room, due to unsubstantial partition and leaving of door to vacant room unfastened (Building Code of District of Columbia, § 18).**

Landlord leasing room is not liable for tenant's loss by theft by persons forcing an entrance from vacant adjoining room, though door to vacant room was left unfastened and partition was unsubstantial, irrespective of whether permit to construct partition required by Building Code of District of Columbia, § 18, was obtained.

2. **Landlord and tenant ⟨⟩ 133(2).**

Landlord, doing no wrongful act, is not liable to tenant for interference by third person with tenant's possession and business.

In Error to Municipal Court of District of Columbia.

Action by Samuel Applebaum and others, trading as the New York Cash & Credit House, against Frank Kidwell. Judgment on demurrer for defendant, and plaintiffs bring error. Affirmed.

M. F. Bischoff, Robert Hardison, and Campbell Howard, all of Washington, D. C., for plaintiffs in error.

G. E. Sullivan, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The case is here on a writ of error to the municipal court of the District to review its judgment sustaining a demurrer to the declaration.

[1] Stripped of verbiage, the declaration alleges: "That defendant leased a room to plaintiffs, which was separated from an adjoining room controlled by defendant by a partition so constructed as to be somewhat unsubstantial, of which latter fact plaintiffs were ignorant, and were not informed by defendant, although he knew how the partition was constructed; that, defendant's room becoming vacant, he permitted the outside doors thereof to become and remain unfastened, and the exposed face of the partition in the vacant room to get into a condition that revealed its character, all without the knowledge of plaintiffs; that thieves, tempted and their action made possible by these conditions, forced an entrance from the vacant room through said partition, and stole and carried away plaintiffs' goods to the value of $1,000, which plaintiffs seek to recover in this action."

It is not claimed that defendant ever agreed to be responsible for any such loss or damage, and it is admitted "that there is no implied warranty in the letting of a house that it is safe and fit for occupation." In effect, plaintiffs contend that defendant was under legal obligations to them to keep in sufficient repair those parts of the premises

under his control, and not in the possession or control of the plaintiffs, to prevent burglarizing the same. This doctrine would require a landlord at his peril to always keep his leased premises in such a condition that law-breakers could not enter same and commit crime. It would establish that in leasing property it must always be presumed that a trespass or crime may be committed thereon, and that the landlord owes the duty of protecting his tenant against the same.

[2] As we understand the law, a landlord is not liable to his tenants for interference by third persons with the tenant's possession and business, when no wrongful act of the landlord is shown. 36 Corpus Juris, p. 70; 38 Cyc. 1038; Talbott v. English, 156 Ind. 299, 59 N. E. 857; Worth v. Ware, 90 Neb. 443, 133 N. W. 651.

The proximate cause of the injury here complained of was not the condition of the partition, but was the unlawful criminal act of independent moral agencies, over which defendant had no control, with which he was not in collusion, and for whose acts he was not responsible.

We have not referred to the allegation in the declaration that defendant erected the partition in question without first obtaining a permit so to do, as required by section 18 of the Building Code of the District, because it is not claimed that the partition was not, in fact, so constructed as to comply with the law, and also because we do not see how it can in any way render the defendant liable in this case. In our view, it makes no difference whether or not he failed to advise plaintiffs just how the partition was constructed, because, for the purpose for which it was put in place, it was sufficient.

The judgment of the court below is affirmed, with costs.