# Pennyroyal Company v. Jordan.

(Decided May 14, 1929.)

(As Modified, on Denial of Rehearing, June 18, 1929.)

BREATHITT & BREATHITT, JOHN C. DUFFY and C. H. BUSH for appellant.

S. Y. TRIMBLE and SMITH & McKENZIE for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

The appellant, the Pennyroyal Company, was the owner of an apartment and store building in Hopkinsville, Ky. The appellees, Mrs. Frances H. Jordan and Mrs. Alice J. Caruthers, occupied, as tenants, one of the store rooms. The building was destroyed by fire in November, 1927, as was also the stock of millinery owned by the appellees. In a suit against the landlord for the value of the goods so destroyed, the tenants recovered a judgment for $5,000.

When the building was constructed, a two-inch pipe was laid from the water main in the street into and up through the hallways of the building. On each floor there was a valve with a two-inch fire hose and suitable nozzle

attached. These were placed in suitable receptacles. The fire which destroyed the building and its contents originated in a building in the adjoining block. It spread throughout that block, and, when it appeared that the apartment building was in danger, some of the occupants undertook to use this fire-fighting apparatus to wet the outer walls and windows, but there was no water coming through.

This action was based on the ground that the appellant owed its tenants the duty of maintaining the equipment in proper condition for use, had negligently permitted the pipe to become clogged, and that such negligence was the proximate cause of the destruction of appellees' stock of goods; it being claimed that, had there been water in the pipe, the wetting of the outer wall and windows would have saved the building. Issue was joined on these allegations and much evidence introduced tending to sustain the respective contentions.

Several interesting and voluminous briefs have been filed, principally touching the question of proximate cause. But we do not find it necessary to consider that question, for we are of the opinion that there was no valid cause of action against the appellant. There was no common-law or statutory duty resting upon the landlord to equip or maintain its building with auxiliary fire apparatus. Neither was there any contractual obligation on its part to do so, for in the contract of rental it is expressly provided that the lessor should not be liable for any damages caused from water pipes or other appliances, nor for the temporary cessation of water or heat in the building, nor for the safety of articles stored therein. By the great weight of authority, in the absence of negligence on the part of the landlord, he is not liable for loss occasioned his tenant by the destruction of his property. An action based upon such loss must be founded on the law of negligence and cannot rest upon the theory of an implied contract (Franklin v. Tracy, 117 Ky. 267, 77 S. W. 1113, 78 S. W. 1112, 25 Ky. Law Rep. 1909, 63 L. R. A. 649; Miles v. Tracey, 89 S. W. 1128, 28 Ky. Law Rep. 621, 4 L. R. A. (N. S.) 1142; Russell v. Little, 22 Idaho, 429, 126 P. 529, 42 L. R. A. (N. S.) 363, Ann. Cas. 1914B, 415), or upon an express contract, unless a legal duty arises by reason of the relation. In such a case the contract is a mere inducement and the action rests on the tort arising from the breach of contractual duty. Wardman v. Hanlon, 52 App. D. C.

14, 280 F. 988, 26 A. L. R. 1249. This case is different from that line of cases where the landlord retained control of hallways and other parts of the premises for the common use of all the tenants and personal injury resulted by reason of negligence in failing to keep that part of the premises in reasonably safe condition. His liability in those cases was not based on any implied covenant to that effect, but because of a duty owing to his tenants as licensees. King & Metzer v. Cassell, 150 Ky. 537, 150 S. W. 682, 42 L. R. A. (N. S.) 774. If personal injury is a consequence of a failure of that duty, then the landlord becomes liable. For example, in this case, if through an act of negligence on the part of appellant the bracket carrying the fire hose had fallen and injured the tenant, those principles would control. 16 R. C. L. 1037. But there was no implied duty to supply the fire hose with water. On the contrary, there was an express covenant of nonliability in case of such failure.

There was no actionable negligence under the facts of this case, even though it be conceded that the pipe line was clogged. The general rules respecting the liability of the landlord to his tenant were stated recently in Richmond v. Standard Elkhorn Coal Co., 222 Ky. 150, 300 S. W. 359, 58 A. L. R. 1423, and Consolidated Coal Co. v. Zarvis, 222 Ky. 238, 300 S. W. 615, 58 A. L. R. 1430. The latter opinion, after restating the principles, continues: "Of course, all of such general principles are subject to alteration and modification by contract between the parties, and, if they stipulate in the rental contract contrary to such principles, then they are bound by such stipulations."

The Zarvis case, relied on by appellees, does not sustain their contention, for a judgment for damages was reversed because there was no duty owing to the tenant.

The case of Franke v. Head, 42 S. W. 913, 19 Ky. Law Rep. 1128, is not unlike this one. A landlord sued the tenant for damages, alleging that the tenant had negligently removed certain pipes placed in the leased building for the purposes of extinguishing fires, and charged that, if the pipes had not been removed, a fire in the building could have been extinguished. While the question of the duty of the tenant in that respect is not touched upon, in the opinion it was held there could be no recovery because the act of negligence complained of was too remote and the fire did not follow as a reasonable consequence of the removal of the pipe.

Negligence is founded upon duty, and, since there was no duty to the tenant to supply water for this auxiliary fire equipment, the lower court erred in not peremptorily instructing the jury to find for the defendant.

The judgment is accordingly reversed for proceedings consistent herewith.