## Marks' Adm'r v. Commonwealth.

Jan. 24, 1939.

CHAS. N. HOBSON for appellant.

HUBERT MEREDITH and CLIFFORD SMITH for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal challenges the propriety of a judgment of the Franklin Circuit Court, dismissing the appellant's petition and petition as amended, in which the administrator of the estate of Sarah Marks sought recovery of damages against the Commonwealth for the death of his daughter, Sarah Marks, who lost her life when a student in the Kentucky State Industrial College for Colored Persons, near Frankfort, Kentucky, a state maintained

public institution, in a fire which destroyed the girls' dormitory of the school in which the deceased had, as a student, been assigned a room by the school authorities, and which, it is claimed, she was at the time occupying when the building burned.

This destructive fire, by which this school dormitory was destroyed, occurred at a very early hour of the morning of December 13, 1926. Some four of the girl students of the college and occupants of the dormitory at the time it burned lost their lives in the fire.

The dormitory destroyed was a three story brick building, which had been erected in 1906, following the organization of the college. The inside walls, separating the halls and rooms, were made of substantial pine lumber, as were the three stairways, running from the basement to the top floor of the building, located at places convenient and accessible to the students using them. There was also a freight elevator running from the basement to the top floor of the building and also a fire escape accessible from each floor.

At about 5:30 in the morning of December 13, 1926, a fire was discovered in the bottom of the elevator shaft, which spread rapidly and resulted, in a comparatively short time, in the destruction of the building and the loss of life by four girl students rooming there, among whom was included Sarah Marks.

Several years after the burning in 1926 of this dormitory building of this state owned and maintained public educational institution, the General Assembly of the Commonwealth, at its regular 1936 session, adopted and passed the following resolution:

"That the personal representative of Sarah Marks, daughter of E. K. Marks of Fayette County, Kentucky; and the personal representative of Gladys Madison, daughter of J. L. Madison of Wayne County, Kentucky; and the personal representative of Daisy Carter, daughter of John Carter of Anderson County, Kentucky; be and each of them is hereby empowered and authorized to file suit and to prosecute appropriate actions against the Commonwealth of Kentucky for the purpose of determining the liability of the Commonwealth for such death[s], if any liability there should be established." Acts 1936, c. 419.

Pursuant to the passing of this resolution, it appears that in the summer of 1936 three separate suits were filed in the Franklin circuit court against the Commonwealth by E. K. Marks, the appellant in this suit, as father and administrator of the estate of Sarah Marks; by John Carter, father of Daisy Carter; and by J. L. Madison, as the father and administrator of the estate of Gladys Madison, wherein each contended that the commonwealth was liable for damages for its negligence alleged to have caused the deaths of the above named students of the school, in that it had failed to exercise ordinary or any care in the construction, operation and maintenance of the girls' dormitory, which by reason of such failure had been destroyed by fire.

It appears that the first of these three cases that came on for trial in the Franklin circuit court was that of J. L. Madison v. Commonwealth, wherein he recovered a judgment, from which an appeal was prosecuted to this court, in which there was later rendered an opinion reversing the judgment, which is reported in 269 Ky. 571, 108 S. W. (2d) 519.

It appears by brief of counsel that while the Madison Case was pending in this court, the present or Marks Case came on for trial in the Franklin circuit court, which resulted in a verdict and judgment thereon in favor of Marks.

A motion for a new trial, filed by the Commonwealth, was pending in the lower court and unpassed on when the opinion in the Madison Case, referred to supra, was announced.

Following such announcement of the decision of the Madison Case, the pending motion for a new trial of the Marks Case came on for hearing and was sustained, when appellant filed an amended petition in the case, whereby there was pleaded for the first time, it is alleged, "the proper legal status of the parties"; that it was not that of landlord and tenant, or master and servant, but that of pupil and teacher, which relationship raised and made an entirely new issue in the litigation from that joined upon the original petition.

However, the trial court entertained a different opinion upon this point and upon the trial of the cause it sustained, upon the authority of the Madison decision, the commonwealth's motion for a peremptory instruction

at the close of the plaintiff's case. The jury then returned a verdict for the defendant, upon which judgment was entered, dismissing both plaintiff's petition and petition as amended.

To this ruling exceptions were saved and motions and grounds for a new trial filed, assigning as error the court's refusing to permit plaintiff's testimony to be heard by the jury, and that it further erred in directing the jury to find for the plaintiff at the conclusion of plaintiff's proof.

These questions of law, arising out of the plaintiff's motion and grounds for a new trial, coming on to be heard, the same were overruled, to which exceptions were saved and an appeal prayed for and granted, which is now before us.

The appellant urges as grounds for reversal of the judgment that while by the original petition filed in this action the same grounds and cause of action were alleged and set out as that in the Madison Case, supra, and therefore the rule and principle of the Madison decision was controlling, he, upon such ruling being made by the trial court, instead of moving for a dismissal of his petition without prejudice and filing a new suit, therein setting out a new and different cause of action from that alleged in the original suit, effected the same end by filing an amended petition, wherein he abandoned the grounds of recovery set out in his original petition, in claiming liability on the part of the Commonwealth for its negligence in constructing and maintaining an alleged unsafe dormitory, dangerous and hazardous for students lodged therein, by reason of its construction out of highly combustible material and without proper fire escape facilities, etc., and by reason of which it was liable to the Marks estate under an alleged relationship of landlord and tenant or master and servant for its improper and negligent construction and maintenance of its school, without the exercise of ordinary care for the safety of its students therein quartered and because of which they lost their lives therein. He insists that by his amended petition he raised a new issue, by alleging that the appellee was liable for its asserted negligence in the construction and maintenance of its school dormitory, not upon a landlord and tenant or master and servant relationship, but rather and right-

ly upon the alleged relationship of pupil and teacher, in which case the school or teacher is held liable for its negligence in not exercising ordinary care to protect its students, placed under its control, from hazards and danger which might be avoided by its exercise of due and ordinary care.

However, after a very careful consideration of the record and the subtle distinction skillfully attempted to be made in the matter of there being a difference in liability imposed by the two relationships, alleged respectively in the original and amended petition, as existing between the parties litigant at the time of the fire, we are unable to concur with appellant in this contention. He insists that by reason of the relationship of pupil and teacher, asserted in the amended petition, under which the claimed duty is imposed upon the teacher of exercising ordinary care for the protection of his pupil and which legal duty his proof substantially showed the appellee, when occupying such status, failed to observe, the court erred in refusing to let him go to the jury upon his evidence, for it to determine the issue of fact so raised, as to whether or not the appellee was negligent or had failed to perform its legal duty of exercising ordinary care in providing its students with safe living quarters.

To such end, he contends, too, that the decision in the Madison Case was erroneously by the trial court held controlling of the question and issue raised by the amended petition, for the reason that in the Madison Case the court never did consider the legal relationship of teacher and pupil, as such relationship had not been raised by the pleadings in that case.

However, we find ourselves unable to concur in the soundness of these distinctions sought to be raised, as having the effect of making the holding in the Madison Case inappropriate and inapplicable for the determination of the question he insists has been now for the first time raised herein by his amended petition.

As to this, it may be noted that the facts set out in the original petition were in all material respects the same as those appellant contends are newly set out in the amended petition, inasmuch as in the original petition in this case the plaintiff alleged in substance that in the fall of 1926 the deceased, Sarah Marks, was duly

matriculated by defendant as a resident student in said school and was at about the said time assigned by the defendant to living quarters in a room of the dormitory for girls in said college, for which she paid rent and thereby became what he described as a tenant of defendant; that said building was used and had been constructed by defendant as a dormitory for girls and at all times mentioned was operated by defendant as such dormitory and housed about one hundred other young women as such tenants; that said building and its tenants were wholly under the control of defendant; that decedent lived in said dormitory and attended said school during the fall and early winter of 1926; and, further, that the death of Sarah Marks was caused by the gross negligence of defendant in the construction of said building and by the manner in which it was operated by defendant.

By appellant's amended petition the same factual situation is presented as set out in the original petition, practically the only difference being in the matter of the terms used in describing the relationship existing between Sarah Marks and the defendant as being that of pupil and teacher, rather than one of landlord and tenant or master and servant.

We conceive that the matter of the defendant's liability to the deceased, under the facts pleaded and shown by the evidence heard, is not affected or changed in respect to the liability of the owner of the building to its occupants by a mere difference of term or phrase, as expressing the pleader's conclusion as to what was the relationship between them, nor did the language used in the Madison opinion justify or warrant any such difference in the matter of the liability of the owner of the building to a renter and occupant thereof by reason of the difference of relationship between the owner and occupant of the leased premises.

The holding of the opinion in the Madison Case, as stated in syllabus 3, which, for the sake of brevity, we quote, is:

"As respects commonwealth's liability for death of student when dormitory of college maintained by commonwealth outside of city of Frankfort was destroyed by fire, on theory that landlord-tenant relationship existed between commonwealth and stu-

dent, landlord is only liable at common law for certain defective premises whereby tenants in certain circumstances are injured because of defective construction or maintenance and where injuries were product of such failures directly flowing from omissions or commissions on part of landlord, and not resulting consequentially through intervention of another agency, such as destruction of building by fire.''

Further, the language of the opinion is:

''It will be observed that some of the cases referred to had under consideration the relationship of landlord and tenant; while in others the relationship of master and servant was involved; but the absence of a common-law duty of the landlord in the one case, and the master in the other, to provide such protecting facilities against danger of fire, was expressly declared, and the last-cited text states the broad principle that the owner of any character of building, *regardless of any relationship that he might sustain to one injured by fire destroying it, was likewise immune at common law from liability because of failure to provide such precautionary measures against fire.''* (Italics ours.)

Continuing, we cited with approval ''the case of Pennyroyal Company v. Jordan, 229 Ky. 693, 17 S. W. (2d) 720, 721, 66 A. L. R. 1390, wherein we declared the same principle to be the correct one under the common law, and in doing so we employed this language: 'There is no common-law or statutory duty (in this state) resting upon the landlord to equip or maintain its building with auxiliary fire apparatus.' The opinion also reiterated another correct principle in holding that negligence can be established only upon the failure to perform a duty and in the absence of duty there can be no negligence.''

The opinion, in disposing of the question as to the effect of the Enabling Act enacted by the General Assembly, under the authority of which both the actions in this case and the Madison Case were brought, declared that the Commonwealth ''thereby consented to be brought before its courts as any other defendant, and that appellant's claim against it was to be determined

by the court according to those *settled rules of law* upon which the responsibility in like actions of *individual litigants* is determined."

We are therefore led to conclude that the trial court properly interpreted the holding of the opinion, and, so interpreting it, properly held that the plaintiff's amended petition failed to set out a cause of action and in further granting a peremptory instruction in favor of the defendant at the conclusion of the introduction of plaintiff's evidence and in dismissing his petition.

Judgment affirmed.