**DE FOE et al. v. W. & J. SLOANE.**

**No. 1381.**

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 21, 1953.

Decided Oct. 13, 1953.

Rehearing Denied Nov. 3, 1953.

Eva P. De Foe and Geraldine V. De Foe,
pro se.

Louis M. Denit, Washington, D. C.,
with whom P. Baxter Davis, Washington,
D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Plaintiffs, tenants in defendant's apartment house, sued for smoke and soot damage to wearing apparel and furniture allegedly sustained as a result of a fire. There seems to be no dispute that the fire resulted from the acts of an incendiary who was a trespasser on the property. According to a police officer who investigated the fire, the suspect showed him how the fire had been started in a hall closet on the first floor. Trial was without a jury and the judge in ruling for defendant filed written findings of fact and conclusions of law. Plaintiffs appeal.

In the absence of contractual liability, an action of this kind against a landlord must be founded on the law of negligence.[1] It is of course well settled that a landlord is not an insurer of the safety of the tenant or of his possessions. With reference to apartment houses, the landlord

---

1. Pennyroyal Co. v. Jordan, 229 Ky. 693, 17 S.W.2d 720, 66 A.L.R. 1390.

is responsible only for those parts of the building kept within his control and his duty is to use reasonable care concerning them.[2]

■ Applying these principles to the evidence in this case, we think the trial court was not required to find that defendant was responsible for this fire within the meaning of the law of negligence. Plaintiff Eva De Foe testified that on the day preceding the fire a closet (or cupboard) was filled with trash and the door was standing open. According to plaintiff Geraldine De Foe there was " * * * debris in the halls, benches, chairs, open transom and a great deal of trash. There was nothing unusual about that." It appeared that defendant employed a part-time janitor who did not live on the premises and that receptacles for trash were provided. The outside entrance to the building, as distinguished from the separate units therein, was not kept locked. It also appeared that the premises contained only three or four apartments and were in part used commercially. Geraldine De Foe testified the trash observed in the closet came from a milliner's shop on the first floor. But there was no evidence requiring a ruling that defendant knew or should have known of this condition.

To establish negligence plaintiffs relied chiefly on the accumulation of trash and the unlocked door leading into the hallway. But in addition to negligence, which was not found, plaintiffs must show that the legal or proximate cause of their injury was the acts or omissions complained of. Without restating the familiar rules as to what constitutes proximate cause,[3] we are clear in our view that on the evidence in the record before us we would have no right to say as a matter of law that defendant's acts were such a cause. So to hold would " * * * require a landlord at his peril to always keep his leased premises in such

a condition that law-breakers could not enter same and commit crime. It would establish that in leasing property it must always be presumed that a trespass or crime may be committed thereon, and that the landlord owes the duty of protecting his tenant against the same." Applebaum v. Kidwell, 56 App.D.C. 311, 12 F.2d 846, 847.

It must be held, we think, that the questions of defendant's negligence and also the cause of plaintiffs' injuries were questions of fact, and that on the evidence before it, the trial court was not required to find either of these questions against defendant. To paraphrase what was said in Applebaum, supra, the proximate cause of the injury complained of was not necessarily the condition of the closet or hallways, but was the "unlawful act of individual moral agencies," over which defendant had no control, with which it was not in collusion, and for whose acts it was not responsible.

Plaintiffs offered some evidence of broken plaster, exposed laths, and other conditions in the hallways, and alleged that these contributed to the damages. But the evidence would not even remotely support a conclusion that these contributed in any way to the severity of the fire, even if we were to assume that the landlord was otherwise liable.

■■ The plaintiffs also asked a refund of $150 for three months rent covering a period during which they said the apartment was unfit for occupancy. This claim is likewise not supported by the evidence. While plaintiffs may have suffered some inconvenience, their own testimony showed that they continued to live in the apartment.

Defendant relied on a general release of liability which was given for a consideration of $500, and which was made about two years after the fire and more than a

2. Kay v. Cain, 81 U.S.App.D.C. 24, 154 F. 2d 305; see also Gladden v. Walker & Dunlop, 83 U.S.App.D.C. 224, 168 F.2d 321; and Corby v. Zimmer, D.C.Mun. App., 99 A.2d 485.

3. See Hitaffer v. Argonne Co., 87 U.S.App. D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366; S. S. Kresge Co. v. Kenney, 66 App.D.C. 274, 86 F.2d 651; Conn v. Hillard, D.C.Mun.App., 82 A.2d 368.

year before this suit was filed. It was signed by Geraldine De Foe, who was lessee of the apartment. As to her, at least, it would seem to have been binding. But we need not decide that question since we are satisfied that the decision of the trial court on the merits must stand.

After the case was decided, and after a motion for new trial was filed, plaintiffs filed an affidavit of prejudice, which was denied, and such denial is assigned as error. It is extremely doubtful whether the affidavit was sufficient in its allegations. There is no doubt at all that it was filed too late. See Eisler v. United States, 83 U.S.App.D.C. 315, 170 F.2d 273.

Affirmed.