Preston L. **WILLIAMS** and Portia Ann Williams, Appellants,

v.

**WILLIAM J. DAVIS, INC.,** a corporation, Appellee.

No. 5465.

District of Columbia Court of Appeals.

Argued Dec. 1, 1970.

Decided March 22, 1971.

Steven Schatzow, Washington, D. C., for appellants.

Herman Miller, Washington, D. C., for appellee.

HOOD, Chief Judge:

Appellants are tenants of an apartment in a three-story 18-unit apartment building. They appeal from a judgment in favor of their landlord for possession on account of nonpayment of rent.

In their answer to the complaint the tenants alleged that there had been numerous robberies in the building, that the tenants had been harassed by "peeping Toms" and other unauthorized persons loitering in the building, and that they were not protected from foreseeable criminal acts by third parties. It was also alleged that the landlord, although notified of the situation, had taken no action to make the premises reasonably safe and secure. In particular the tenants alleged that the landlord had failed (1) to install an adequate lock and locking system to the front and rear doors of the building and to keep such doors locked and secured at all hours of the day, (2) to install bars in all windows on the ground floor, and (3) to install floodlights around the building to illuminate the area after dark.

Admitting their nonpayment of the rent, the tenants contended that the failure of the landlord in the foregoing respects made the lease void and unenforceable or at least constituted grounds for recoupment and setoff against the rent due. The trial court granted judgment on the pleadings in favor of the landlord and this appeal followed.

Since the Housing Regulations of the District of Columbia refer to "health, safety, welfare,"[1] to "clean, safe and sanitary condition,"[2] and "healthy and safe" premises,[3] the tenants argue that the Regulations require a landlord to furnish hous-

2. Housing Reg. § 2304.

3. Housing Reg. § 2501.

1. Housing Reg. § 2101.

ing with adequate protection from criminal activity. We find no merit in this argument. The terms "safe" and "safety" when used in the Regulations refer to safety from structural defects, unsanitary conditions, fire hazards, and the like, and have no application to safety from criminal acts of third parties. "The question of providing police protection and safety from criminal elements has never entered into the problem of providing 'adequate, safe and sanitary housing.'" New York City Housing Authority v. Medlin, 57 Misc.2d 145, 291 N.Y.S.2d 672, 675 (1968).

Appellants' reliance on Javins v. First National Realty Corp., 138 U.S.App.D.C. 369, 428 F.2d 1071 (1970), and Kline v. 1500 Massachusetts Avenue Apartment Corp., D.C.Cir., 439 F.2d 477 (decided August 6, 1970) is misplaced.

The holding in *Javins* was that "[s]ince the lessees continue to pay the same rent, they were entitled to expect that the landlord would continue to keep the premises in their beginning condition during the lease term." 428 F.2d at 1079. Here the appellants are not contending that the landlord failed to keep the premises in the condition existing at the beginning of the lease, but seek to compel the landlord to supply facilities not existing when the lease was made and not required by the Housing Regulations.

*Kline* is clearly distinguishable from the present case. There the tenant sought damages for personal injuries suffered when assaulted by an intruder in a large apartment building. Protective measures existing at the beginning of the tenants' lease had been reduced, and the holding was that, "the same relative degree of security should have been maintained." (at 486) In the present case there has been no reduction of security measures. Furthermore, *Kline* was a personal injury case, and dealt in no way with a claim for a reduction of rents. Finally, *Kline* made

it plain that "[t]he landlord is entirely justified in passing on the cost of increased protective measures to his tenants * * *." (at 488.) If the costs of increased measures may be imposed on the tenants, it follows that lack of such measures constitute no basis for a reduction in rent.

Other contentions advanced by appellants require no discussion.

Affirmed.

GALLAGHER, Associate Judge (concurring):

I concur, though I do not interpret *Kline, supra,* and *Javins, supra,* with as much restriction as the majority opinion appears to do. *See also* Ramsay v. Morissette, D.C.App., 252 A.2d 509 (1969).